UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN CLEMA,

       Plaintiff,

v.                                                                              No. 11-CV-0807 MV/RHS

PAUL COLOMBE, individually and in his
official capacity, JOHN DOE, individually and
in his official capacity, ROBERT A. GARCIA,
in his official capacity as SANTA FE COUNTY
SHERIFF, and UNITED STATES OF AMERICA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Sheriff Garcia's Motion for Summary Judgment [Doc. 88].  The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted.

## BACKGROUND[1,2]

      This case arises out of a traffic stop of an automobile that was being driven within Tesuque Pueblo at approximately 11:00 p.m., on July 10, 2009.  Defendant Paul Colombe, a Pueblo of

---

[1]  The following facts are undisputed or construed in the light most favorable to Plaintiff.  The Court draws the facts from those identified by Garcia in his summary judgment memorandum, including the facts set forth in the Board of County Commissioners of Santa Fe County and Greg Solano's ("County defendants") Motion for Summary Judgment [Doc. 18], which Garcia incorporates by reference.  The Court also draws the facts from Michael Segura's response to Colombe's Motion for Summary Judgment ("Segura's Response") [Doc. 73], because Plaintiff incorporates his "last pleading" [Doc. 77] into his response and his last filed paper in turn adopts Segura's Response.

[2]  Defendant contends that the findings of fact set forth in the Court's September 2, 2012, Memorandum Opinion and Order [Doc. 46], which decided the County defendants' motion for summary judgment, are now law of the case.  The Court is not persuaded.  In its order, the Court did not actually decide disputed issues of fact.  Summary judgment is not a vehicle for deciding factual disputes but rather grants judgment as a matter of law when no material factual dispute exists or when, even considering the facts favorable to the non-moving party, a court nonetheless concludes that the movant is entitled to judgment in its favor.  The facts set forth in the Court's September 2, 2012, order were not factual findings but rather were the Court's recitation of the facts that the parties identified to satisfy their summary judgment burden and not the Court's findings of fact.

Tesuque Tribal Police Department officer, who also was commissioned as a deputy sheriff by the Santa Fe County Sheriff's Department, conducted the stop.   The traffic stop resulted in the arrest for driving while intoxicated of the driver of the vehicle, who had a blood alcohol content equal to the minimum threshold at which one is defined as legally intoxicated under New Mexico law. The only visible signs of impairment the driver exhibited were bloodshot watery eyes and the smell of alcohol.   The traffic stop also resulted in the arrest of Plaintiff Clema, who was a passenger in the vehicle, for being a party to the driver's crime of driving while intoxicated, as well as Michael Segura, a former plaintiff in this case.

Upon his arrest, the officers transported Plaintiff Clema to the Pueblo of Tesuque Tribal Police Department and then to the Santa Fe County Adult Detention Facility, where Clema was booked.   Defendant Colombe filed a criminal complaint against Clema in the Santa Fe County Magistrate Court, formally charging Clema with Parties to a Crime, N.M. Stat. Ann. § 66-8-120. The foregoing offense is a crime pursuant to New Mexico—but not Tesuque tribal—law.   The charges against Plaintiff Clema ultimately were dismissed.

From January 2004 through April 2010, Defendant Colombe was employed as a full-time police officer by the Pueblo of Tesuque Tribal Police Department.   During this same time, Defendant Colombe's salary and employment benefits were paid by the Tribal Police Department and no part of his salary or benefits was paid by the Santa Fe County Sheriff's Department or the County of Santa Fe.

On August 13, 2000, Sheriff Greg Solano, the predecessor in office of the current sheriff, Defendant Garcia, issued Defendant Colombe's commission as a Deputy Sheriff.   This commission was in effect on July 10, 2009, when Defendant Colombe arrested Plaintiff Clema. Prior to issuing the commission, Solano undertook the following steps.   Solano obtained from

Colombe a completed written application for commission that disclosed information including but not limited to whether Colombe was a registered voter in New Mexico, whether his driver's license ever had been revoked or suspended, whether he ever had been convicted of a criminal or domestic violence offense and if so the identity of the offense(s), and whether he was certified as a law enforcement officer by the New Mexico Law Enforcement Academy or the Bureau of Indian Affairs Academy.   Solano also obtained from Colombe a written "Authorization for Release of Information" that the Santa Fe County Sheriff's Department utilized to obtain information regarding Colombe's criminal records and motor vehicle code violations.   Solano in addition verified Colombe's status as a law enforcement officer employed by the Pueblo of Tesuque and his certification as a commissioned New Mexico law enforcement officer.   The steps taken by the Santa Fe County Sheriff's Department did not reveal information that disqualified Colombe from being commissioned as a Santa Fe County deputy sheriff.   The investigation did not reveal that Colombe had any criminal convictions or that Colombe made any false or misleading statements of fact on his application.

From January 2004 through April 2010, the Santa Fe County Sheriff's Department had no right to promote, demote, discipline and/or fire Defendant Colombe, the Santa Fe County Sheriff's Department did not have the right to subject Colombe to its rules, regulations, policies, or procedures, the Santa Fe County Sheriff's Department did not supervise or oversee Colombe or assign work to him or control the manner or means of his performance as a law enforcement officer, and the Santa Fe County Sheriff's Department did not provide, pay for, or facilitate any training to or of Colombe.   The Santa Fe County Sheriff's Department did possess the right to revoke Defendant Colombe's appointment and commission as a Santa Fe County deputy sheriff.

At the time of the July 10, 2009, incident and arrest, Defendant Colombe was being paid by

and was on official duty for the Pueblo of Tesuque Tribal Police Department.  Colombe was

dressed in his full Pueblo of Tesuque Tribal Police Department uniform, driving a fully-marked

Tesuque Pueblo tribal police vehicle, and displaying a tribal badge of office.   Defendant Colombe

identified himself to Plaintiff Clema and the other occupants of the vehicle as an officer of the

Pueblo of Tesuque Tribal Police Department.   Defendant Colombe did not report the arrests of

Plaintiff Clema, the driver, or Segura to any member of the Santa Fe County Sheriff's Department

or obtain the approval of the Santa Fe County Sheriff's Department for the arrests.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."   Fed. R. Civ. P. 56(c); *see Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290

(10th Cir. 1999).   Under Rule 56(c), "the mere existence of some alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment."

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).   Rather, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment."   *Id*. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine

issue of material fact.   *See Shapolia v. Los Alamos Nat'l Lab*., 992 F.2d 1033, 1036 (10th Cir.

1993) (citations omitted).   The moving party need not negate the nonmovant's claim, but rather

must only show "that there is an absence of evidence to support the nonmoving party's case."

*Celotex v. Catrett*, 477 U.S. 317, 325 (1986).   Once the moving party meets its initial burden, the

nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for

4

which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).   The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 649 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).   There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.   *See Anderson,* 477 U.S. at 248.   Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence."   *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).   If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law.   *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

The court construes a *pro se* plaintiff's pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.   *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001).   While a district court may make some allowances if a *pro se* plaintiff fails to cite proper legal authority, confuses various legal theories, uses poor syntax and sentence construction, and is unfamiliar with pleading requirements, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Although *pro se* litigants must follow the same rules of procedure that govern other litigants, *see*

5

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), the Tenth Circuit

has cautioned that "'[d]istrict courts must take care to insure that *pro se* litigants are provided with

proper notice regarding the complex procedural issues involved in summary judgment

proceedings.'"   *Jaxon v. Circle K. Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985) (quoting *Garaux

v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)); *accord Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th

Cir. 1991).

## DISCUSSION

Defendant Garcia, who Plaintiff sues in his official capacity, moves for summary judgment

on Plaintiff Clema's 42 U.S.C. Section 1983 claim.   Garcia, for purposes of his motion, assumes

that cross-commissioning Colombe as a Santa Fe County deputy sheriff was the equivalent of

hiring Colombe as an employee and that cross-commissioning Colombe therefore gave rise to a

duty to exercise care in commissioning, supervising, and training Colombe.   Garcia nonetheless

contends that, even if the County of Santa Fe had a duty of care, Plaintiff's facts do not establish

that the County acted with deliberate indifference to the known or obvious consequences of its

hiring, supervision, or training acts or omissions.[3]   Because a plaintiff must establish deliberate

---

[3]   Defendant Garcia sets forth several additional arguments in support of his motion.   The Court either rejects the
arguments or declines to decide them.   For example, Garcia maintains that he is entitled to summary judgment
because Plaintiff has failed to comply with procedural rules set forth in Federal Rule Civil Procedure 56(c) and (e).
Because Plaintiff has adopted Segura's Response to Defendant Colombe's motion for summary judgment, which sets
forth facts in compliance with Rule 56(c) and (e), the Court rejects Garcia's argument.   Garcia also claims that
Plaintiff failed to identify any federal constitutional right violated.   The Court rejects this argument because Segura's
Response clearly identifies the constitutional right violated as Clema's Fourth Amendment right to be free from
unlawful detention.   Garcia also argues that, because Colombe was an employee of Pueblo of Tesuque Tribal Police
Department, and not the Santa Fe County Sheriff's Department, Plaintiff cannot sustain a negligent hiring,
supervision, or training claim premised upon the presence of a duty to supervise and train Colombe.   The Court
declines to consider this argument—as well as Garcia's remaining arguments—because the Court decides Garcia's
motion on the alternative ground identified herein.   Because this ground is dispositive, the Court need not—and
therefore does not—consider Garcia's remaining contentions.

indifference to sustain an official capacity Section 1983 claim, Garcia contends that he is entitled to summary judgment.

Plaintiff Clema, in his one page response to Garcia's motion for summary judgment, maintains that he "raise[s] all [his] issues submitted in [his] last pleading."  [Doc. 89].  Clema further contends that, "[i]n addition to improperly deputizing Paul Colombe, many of the facts at issue occurred following Officer Colombe transporting [Clema] from the tribal police station to where [he] was illegally incarcerated at the Santa Fe County Jail."  [Doc. 89].  Beyond these assertions, Plaintiff presents no additional argument or evidence in opposition to Garcia's motion for summary judgment.

The Court assumes that Plaintiff Clema's "last pleading" refers to his most recent substantive filing prior to the filing of his response to Garcia's summary judgment motion.  This filing is Clema's Response to Defendant Colombe's Motion for Summary Judgment, filed August 1, 2013 [Doc. 77].  In this response, Clema indicates that he adopts Segura's Response to Defendant Colombe's summary judgment motion.  Consistent with Clema's statements in these filings, the Court looks to Segura's Response to identify the arguments Plaintiff presents in opposition to Garcia's motion for summary judgment.

Segura's Response does not contain any argument relevant to Plaintiff's 42 U.S.C. Section 1983 municipal liability claim against Garcia in his official capacity.  Segura argues only that the Court should deny Defendant Colombe's motion for summary judgment because Colombe is not entitled to immunity from Plaintiffs' state law claims under the New Mexico Tort Claims Act, Colombe was acting in his capacity as cross-commissioned Santa Fe County Deputy Sheriff (and not as a Pueblo of Tesuque police officer) and therefore is not entitled to sovereign immunity from Segura's official capacity claims, and that Colombe is not entitled to qualified immunity from

Segura's Fourth Amendment unlawful detention claims.   Thus Segura's Response does not provide the legal basis for Plaintiff's opposition to Garcia's motion for summary judgment.

This Court's local rules provide that, in opposing a motion, parties must "cite authority in support of the legal positions advanced."   D.N.M.LR-Civ. 7.3(a).   The Tenth Circuit has held that a district court may make allowances for a *pro se* party who fails to cite proper authority.   *See Garett*, 425 F.3d at 840.   While the Court might be inclined to excuse Plaintiff Clema's failure to cite legal authority, the Court is not included to excuse his absolute failure to present any argument or to identify any facts relevant to his Section 1983 official capacity claim.   Once a moving party satisfies its initial summary judgment burden of showing "that there is an absence of evidence to support the nonmoving party's case," *Celotex*, 477 U.S. at 325, the non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo*, 847 F.2d at 649, but rather must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Plaintiff Clema has failed to satisfy this burden.

Even if the Court, consistent with the Tenth Circuit's warning that "'[d]istrict courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings,'" *Jaxon*, 773 F.2d at 1140, were to infer the basis of Clema's arguments in opposition to summary judgment from the allegations in the First Amended Complaint for Damages and Equitable Relief ("Complaint") [Doc. 51], the Court nonetheless would conclude that Defendant Garcia is entitled to summary judgment on Plaintiff's Section 1983 claim.   In his Complaint, Plaintiff alleges that "[b]y statute, the Sheriff has a duty to exercise ordinary care in the appointment of Deputies," and that the Sheriff issued the

commission to Colombe "without exercising any judgment in his selection" and "with knowledge and the intention that the Sheriff would not have any supervisory authority over [Colombe] in matters of training, policy and procedure, or discipline even when [Colombe was] engaged in the discharge of [his delegated duty as Deput[y]." Plaintiff further alleges that the Sheriff was aware that, as a tribal employee, Colombe would not be subject to the Sheriff's control, direction, or supervision, as required by state law and that the Sheriff thereby "knowingly and intentionally abdicated his legal duty to oversee the conduct of his Deputies when he issued [the] commission[] to Colombe . . . under the circumstances alleged." The Complaint also alleges that the conduct of the Sheriff "was committed with deliberate indifference to the constitutional rights of Plaintiff and other members of the public" and that the Sheriff's "failure to select, train, supervise, or discipline his Deputies, was a proximate cause of the deprivations of Plaintiff's constitutional rights by Officer Colombe."

Plaintiff sues Defendant Garcia in his official capacity for violating Section 1983. "[A]n official-capacity suit is in all respects, other than name, . . . a suit against the entity.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, the Court applies the law regarding municipal liability to Plaintiff's official capacity Section 1983 claim against Garcia. In *Monell v. Department of Social Services*, the Supreme Court held that a plaintiff may sue a municipality for damages under Section 1983 when "the action that is alleged to be unconstitutional implements a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels." 436 U.S. 658, 690-91 (1978). A municipality, however, may not be held liable under Section 1983 solely because its officers inflicted injury. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

Rather, to establish municipal liability, a plaintiff must demonstrate that (1) an officer committed an underlying constitutional violation, (2) a municipal policy or custom exists, and (3) there is a direct causal link between the policy or custom and the injury alleged—*i.e.*, that the policy or custom was the "moving force" behind the alleged injury.   *See id.*; *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

Plaintiff identifies no official policy—the second element of a municipal liability claim—that on its face caused Colombe to detain Plaintiff unlawfully in violation of his Fourth Amendment rights.   From the allegations in the Complaint, the Court infers that Plaintiff contends that the County of Santa Fe is liable pursuant to an inferred policy of authorizing or condoning unlawful detentions by failing to exercise proper care in cross-commissioning deputy sheriffs or by failing to provide supervision or training to cross-commissioned deputy sheriffs.   To the extent that Plaintiff advances such an argument in opposition to Garcia's motion for summary judgment, the Court holds that Plaintiff's evidence is not sufficient to establish that the County of Santa Fe made its cross-commissioning decisions and its omission of failing to exercise any supervision over or to provide any training to deputy sheriffs with deliberate indifference to the known or obvious consequences of its acts or omissions.

Courts have interpreted *Monell* to hold that a plaintiff can sustain a Section 1983 inadequate hiring, supervision, or training claim by inferring a municipal policy of authorizing or condoning police misconduct from the municipality's display of "deliberate indifference" to the known or obvious consequences of its acts or omissions in the hiring, supervision, or training of its police force.  *See, e.g.*, *Schneider v. City of Grand Junction Police Dep't*, Nos. 12-1086, 12-1115, 2013 WL 2421071, *7 (10th Cir. June 5, 2013) (explaining that "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to

10

violate a plaintiff's rights," *e.g.*, through a failure to supervise or train, "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences") (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997); *City of Canton*, 489 U.S. at 389); *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (holding that when an official policy does not itself violate federal law and instead is lawful on its face, *e.g.*, such as when the municipality is allegedly liable under a failure to train or inadequate hiring theory, the plaintiff must demonstrate deliberate indifference); *Brown*, 520 U.S. at 411 (recognizing that a failure adequately to screen an employee can give rise to Section 1983 municipal liability when the municipality acts with "deliberate indifference").  "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."  *Barney*, 143 F.3d at 1307. "In most instances, notice can be established by proving the existence of a pattern of tortious conduct," but "[i]n a narrow range of circumstances, . . . deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction[.]"  *Id.*

Plaintiff has not presented any evidence, and indeed has not even argued or presented any authority establishing, that the narrow circumstances that justify a finding of deliberate indifference from a single tortious act or omission apply here.  To satisfy the deliberate indifference standard for his negligent hiring claim premised solely upon a single instance of negligently cross-commissioning Colombe, for example, Plaintiff Clema was required to demonstrate that "adequate scrutiny of [Colombe's] background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant

would be the deprivation of [Clema's] federally protected right [to be free from unlawful detention]." *Brown*, 520 U.S. at 411.   Plaintiff Clema has provided the Court with no evidence demonstrating that, from Colombe's actual background, there was a risk that, this particular officer, if hired, would unlawfully detain Plaintiff. *Cf. id.*   Thus, the Court cannot conclude on the evidence before it that the County's hiring decision reflected a deliberate indifference to Plaintiff Clema's constitutional needs.

Likewise, to the extent Plaintiff relies upon a single constitutional violation to satisfy the deliberate indifference standard for his inadequate training claim, Plaintiff Clema was required to "show[] that [Santa Fe County ] has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation," *Allen v. Muskogee*, 119 F.3d 837, 841 (10th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998), and to demonstrate that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need," *Canton*, 489 U.S. at 390.   The Supreme Court has explained that if "[municipal] policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons," for example, and "the [municipality] has armed its officers with firearms, in part to allow them to accomplish this task," "the need to train officers in the constitutional limitations on the use of deadly force, can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights."   *Id.* Plaintiff has failed to identify any evidence establishing that the failure of Santa Fe County to train its cross-commissioned deputy sheriffs presented such an obvious potential for the violation of the right to be free from unlawful detention or that the County of Santa Fe knew with "moral certainty" that its failure to train cross-commissioned officers would result in unlawful detentions

in violation of the Fourth Amendment.   Thus, the Court cannot conclude that the County of Santa

Fe's failure to train, which resulted in the constitutional violation of Plaintiff Clema's rights, was

sufficient to support a Section 1983 violation.

Because Plaintiff has failed to satisfy the stringent standards of fault to support Section

1983 municipal liability based upon a single instance of tortious conduct, Plaintiff was required to

prove the existence of a pattern of unlawful conduct.   *See, e.g.*, *Barney*, 143 F.3d at

1307 (explaining that "[i]n most instances, notice can be established by proving the existence of a

pattern of tortious conduct" and only in a "narrow range of circumstances" may it be established

by proving a single tortious act); *Wellington v. Daniels*, 717 F.2d 932, 936 (2d Cir. 1983)

(explaining that "[g]enerally, a failure to supervise gives rise to § 1983 [municipal] liability,

however, only in those situations in which there is a history of widespread abuse").   Plaintiff has

pointed to no facts establishing that the County of Santa Fe engaged in a pattern of tortious conduct

arising from its decisions to cross-commission deputy sheriffs, its failure to supervise

cross-commissioned deputy sheriffs, or its failure to train cross-commissioned deputy sheriffs.

To withstand summary judgment on his Section 1983 municipal liability claim, Plaintiff

was required to establish that the County of Santa Fe acted with deliberate indifference.   Plaintiff

has failed to point to any facts from which a reasonable jury could conclude that Santa Fe County's

acts or omissions in the hiring, supervision, or training of its cross-commissioned deputy sheriffs

amounted to deliberate indifference to the known or obvious consequences the County's actions or

failures to act.   Accordingly, the Court grants Defendant Garcia's motion for summary judgment

on Plaintiff's Section 1983 municipal liability claim.

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Sheriff Garcia's Motion

for Summary Judgment [Doc. 88] is GRANTED.


DATED this 25th day of March, 2015.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE